# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS (Dkt. 21, filed July 24, 2017)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of September 11, 2017 is vacated, and the matter is hereby taken under submission. Joensen shall file an answer to the complaint **within fourteen (14) days** of the date of this order.

## I. INTRODUCTION

On December 14, 2016, plaintiff Europlay Capital Advisors, LLC ("Europlay") filed this action in Los Angeles County Superior Court against defendant Maria Louise Joensen p.k.a Aura Dione ("Joensen") alleging (1) breach of oral contract; (2) common count for money had and received; and (3) intentional misrepresentation – fraud. Dkt. 1, Ex. 3. ("Compl."). On March 28, 2017, Joensen removed the state court action to this Court on the basis of diversity jurisdiction. Dkt. 1.

On May 4, 2017, Joensen filed a motion to dismiss the complaint on *forum non conveniens* grounds. Dkt. 11. On July 10, 2017, the Court denied Joensen's motion to dismiss. Dkt. 19.

On July 24 2017, Joensen filed the instant motion to dismiss Europlay's first and third claims. Dkt. 21 ("MTD"). Europlay filed an opposition on August 21, 2017, dkt. 22 ("Opp'n"), and Joensen filed her reply on August 28, 2017, dkt. 23 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

## II.    BACKGROUND

### A.    Plaintiff's Allegations

Europlay alleges the following facts.  The defendant Maria Louise Joensen (p.k.a. Aura Dione) is a well-known European recording artist.  Compl. ¶ 2.  Joensen resided in Los Angeles County, California at the relevant times mentioned in the complaint.  Id.  In September 2012, Joensen and her Danish legal counsel asked Mark Dyne, Chairman of Europlay, to assist and advise her in litigation against her former manager and agent, Khalid Schroeder.  Id. ¶ 4.  Schroeder had wrongfully asserted ownership over the intellectual property rights to Joensen's musical compositions, including the master recordings.  Id. ¶ 5.  However, Joensen lacked the resources necessary to fund litigation against Schroeder.  Id.

In or about October 2012, after numerous conversations with Joensen at the Europlay offices in Sherman Oaks, California, Dyne orally agreed to retain the law firm of Skadden, Arps, Slate, Meagher & Flom ("Skadden") to represent Joensen in connection with the proposed litigation against Schroeder.  Id. ¶ 6.  All invoices from Skadden were to be addressed to Joensen, care of Europlay, and paid by Europlay.  Id.  Europlay alleges that Joensen orally agreed to repay Europlay the total amount of money advanced on her behalf within twelve months of the conclusion of the litigation against Schroeder, regardless of the outcome.  Id.

On or about October 31, 2012, the Skadden firm, acting on Joensen's behalf, commenced a suit against Schroeder in California ("the Schroeder litigation").[1]  Id. ¶ 7.  As the Schroeder litigation progressed, Europlay kept Joensen aware of mounting legal fees and costs both orally and in writing.  Id.  Joensen allegedly did not object to the fees and repeatedly assured Dyne that Europlay would be paid in full for all fees and costs advanced on her behalf.  Id.

On or about December 30, 2015, a judgment was entered against Schroeder and his management company in the Schroeder litigation.  Id. ¶ 8.  The court awarded damages in favor of Joensen in the amount of $900,000, plus $788,000 in lost profits, and $1 in punitive damages.  Id.  The court awarded Joensen sole and exclusive ownership of the master rights to all of her musical compositions.  Id.  Joensen allegedly thanked Dyne for

---

[1]    The case was Maria Louise Joensen v. Khalid Schroeder, et al., Los Angeles Superior Court Case No. BC494856.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

advancing the funds for the Schroeder litigation and reassured him that repayment would be made within twelve months of the conclusion of the litigation. Id. ¶ 9.

Joensen never paid Europlay for the money advanced on her behalf. Id. In January 2015, Joensen "fled" California and returned to Denmark to "avoid this and other litigation in which she was involved." Id. ¶ 10.

In February and March of 2015, Dyne met with a different attorney that Joensen had retained, Brad Kane, to discuss the payment due to Europlay. Id. ¶ 11. Europlay provided bills for Kane to review, but Kane later resigned from representing Joensen. Id. In April 2015, Dyne met with Joensen at the Europlay offices in Sherman Oaks, California, to again discuss the payment of legal fees. Id. ¶ 12.

Europlay allegedly paid Skadden in excess of $2,000,000 with the expectation that Joensen would repay Europlay within twelve months of the conclusion of the Schroeder litigation. Id. ¶ 21. Joensen has not repaid any part of this sum of money, although Europlay has demanded that she do so. Id. ¶ 22. Europlay alleges that Joensen breached the oral agreement by refusing to repay Europlay for funds advanced on her behalf. Id. ¶ 18.

Joensen allegedly stated repeatedly that "she did not care what it cost to prosecute the [Schroeder] litigation; that the album masters she sought to recover were worth millions; that she would repay Europlay. . . [and] that she was a women [sic] of her word and could be trusted to repay her obligation to Europlay in full." Id. ¶ 25. Europlay alleges that Joensen made the foregoing representations throughout the Schroeder litigation with the intent to induce Europlay to continue to advance funds. Id. ¶ 26. Europlay contends that Joensen secretly had no intention to repay Europlay once she achieved a favorable result in the Schroeder litigation. Id. ¶ 28. Joensen allegedly knew that her statements to Europlay were false and misleading, id. ¶ 32, and "used and abused" Europlay's goodwill to her advantage, id. ¶ 34.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

**B.     Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pleaded with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. at 1103. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)." Id. at 1103–4. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

## IV. DISCUSSION

### A. Plaintiff's Failure to State a Claim Pursuant to Rule 12(b)(6)

Joensen argues that Europlay is barred from recovering on its first claim for breach of oral contract because (1) Europlay held itself out as authorized to practice law in California, when in fact it was not, and because (2) Europlay has failed to state a claim. MTD at 1.

First, Joensen argues that Europlay held itself out as eligible to practice law by entering into an agreement for Joensen's benefit to serve as "legal consultants." MTD at 6, 8–11. Therefore, Europlay violated California law and should be estopped from enforcing the alleged oral agreement with Joensen. Id. However, this argument is a premature defense-to-contract argument, and it is not proper at the Rule 12(b)(6) motion to dismiss stage. Rule 12(b)(6) requires that the Court accept as true all material allegations in the complaint and the reasonable inferences to be drawn from them. Pareto, 139 F.3d at 699. Additionally, the complaint must be read in the light most favorable to the nonmoving party. Sprewell, 266 F.3d at 988. Therefore, this Court must accept as true Europlay's allegations that Joensen and Europlay entered into an oral agreement that: (1) Europlay would retain Skadden on behalf of Joensen; (2) Europlay would advance her legal fees and expenses; and (3) Joensen would repay Europlay the total amount of advances within one year of the conclusion of litigation. Compl. ¶ 6. Joensen's contention that Europlay engaged in the unauthorized practice of law, and therefore should be estopped from enforcing the alleged oral agreement, has no bearing upon whether Europlay has properly stated a claim for relief for breach of oral contract pursuant to Rule 12(b)(6). Instead, accepting plaintiff's allegations as true, the Court cannot make the inference at this stage that Europlay is estopped from stating this claim. Furthermore, even if this affirmative defense were properly before the Court, at this stage of the litigation it would not be suitable for disposition as a matter of law.

Second, Joensen contends that Europlay cannot allege it has fulfilled its obligations under the alleged oral contract. MTD at 11–12. Specifically, Joensen argues that approximately $80,000 of Skadden's fees remain unpaid, and thus, Europlay has "failed to pay all fees" and cannot recover for breach of oral contract. Id. However, Joensen's assertion that Europlay failed to advance the last $80,000 to Skadden relies on evidence that is not in the complaint, not referenced by the complaint, and is not judicially noticeable. Instead, Joensen relies on the Smith Declaration and attached exhibit, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | **'O'** |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

contains 2013 and 2015 invoices from Skadden, and argues that these invoices prove that Europlay has failed to advance $80,000 to Skadden. Dkt. 11-15 ¶ 14 & Ex. P. As a general rule, a district court may not consider any material beyond the pleadings on a Rule 12(b)(6) motion. Lee, 250 F.3d at 688 (citations omitted). There are two exceptions to this requirement: first, a court may consider material submitted as part of the complaint, and second, a court may take judicial notice of matters of public record, which are otherwise appropriate for judicial notice under Federal Rule of Evidence 201. Id. at 688-9; U.S. v. Corinthian Colleges, 655 F.3d 984, 999 (9th Cir. 2011). Accordingly, the Court may not consider Joensen's evidence that Europlay has failed to advance final payments to Skadden because this failure is not referenced in the complaint and the Skadden invoices are not judicially noticeable. The Court must accept as true Europlay's allegations that Joensen and Europlay entered into an oral agreement, and that Europlay has "performed all conditions, covenants, and promises" required by the agreement. Compl. ¶ 16.

Therefore, the Court **DENIES** Joensen's motion to dismiss Europlay's claim for breach of oral contract.

### B. Plaintiff's Fraud-Based Claims and Pleading Pursuant to Rule 9(b)

Joensen argues that Europlay's third claim for intentional misrepresentation is a claim for promissory fraud that fails to state a claim because of its "conclusory allegations" and lack of supporting facts. MTD at 1. Specifically, Joensen contends that Europlay fails to plead facts that support an inference that Joensen's alleged promise was false when made. Id. at 14. Instead, the complaint "conclusorily alleges that Joensen's promise to perform was willfully and maliciously made," and the complaint fails to allege facts supporting an inference that Joensen *falsely* promised to reimburse Europlay for Skadden's fees. Id. (quoting Compl. ¶ 36). Finally, Joensen notes that, even if she had made a promise to repay Skadden's fees, one plausible excuse for failing to perform would be that Europlay breached its duties to her by failing to warn her that the judgment entered in the Superior Court action would not be enforceable in Germany. Id.

In response, Europlay points out that the complaint alleges that Joensen "fled California" less than a month after winning her case in an effort to avoid repaying Europlay. Opp'n at 16. Europlay contends that this is strong circumstantial evidence that she never intended to honor her promise. Id. Additionally, the complaint alleges that Joensen "had no intention of paying [Europlay] for the funds advanced for her benefit" at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

the time she entered into the agreement with Europlay. Id. at 17 (quoting Compl. ¶ 31). In sum, Europlay argues that the complaint's allegations are sufficient to survive a motion to dismiss because: (1) Joensen knew at the time she entered into the contract that she had no intention of repaying ECA; (2) she left the country soon after winning her case; and (3) she has never attempted to repay any of the more than $2 million she owes.

Joensen replies that Europlay fails to distinguish between the elements of falsity and scienter. Reply at 8. Namely, a defendant's state of mind may be averred generally, but the element of falsity requires pleading of contemporaneous facts that suggest that the promise was false from the beginning. Id. Joensen argues that Europlay has not adequately alleged the falsity of her statements, and that Joensen's travel out of the country does not support the inference that her alleged promise to repay was false when made, particularly because her repayment under the alleged agreement was not due for almost a year. Id. In sum, Joensen contends that Europlay has merely attempted to plead a breach of contract claim as fraud. Id.

Promissory fraud, the type of fraud Europlay alleges here, permits a plaintiff to state a claim in tort when a defendant fraudulently induces the plaintiff to enter into a contract. Richardson v. Reliance Nat. Indem. Co., No. C 99-2952 CRB, 2000 WL 284211, at *4 (N.D. Cal. Mar. 9, 2000) (citing Lazar v. Superior Court, 12 Cal.4th 631, 638 (1996). While mere failure to perform on a contract does not constitute fraud, without more, Rhenigans v. Smith, 161 Cal. 362, 366 (1911), a promise made without the intention to perform can be actionable fraud. Locke v. Warner Bros., Inc., 57 Cal. App. 4th 354, 367 (1997). In order to survive a motion to dismiss, a plaintiff claiming promissory fraud must be able to point to specific, objective manifestations of fraudulent intent. Universal Studios Int'l B.V. v. Entm't Television Network FZE, No. 09-cv-01348-GAF-FFMX, 2009 WL 10675950, at *3 (C.D. Cal. Aug. 25, 2009) (citations omitted). Allegations of promissory fraud must meet Rule 9(b) requirements, and a plaintiff is required to plead facts from which the Court can infer that the allegedly fraudulent statements were false *when made*. Universal Studios, 2009 WL 10675950 at *3 (citing Hsu v. OZ Optics Ltd., 211 F.R.D. 615, 620 (N.D. Cal. 2002)) (emphasis added). Although intent can be averred generally under Rule 9(b), a plaintiff must point to facts which show that defendant harbored an intention not to be bound by terms of the contract at formation. Id.

Not all intentional misconduct related to a contractual relationship between two parties is actionable, and this is in part because of the economic loss rule. "The economic

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:17-cv-02377-CAS(PLAx) | Date | September 5, 2017 |
| Title | EUROPLAY CAPITAL ADVISORS, LLC v. MARIA LOUISE JOENSEN | | |

loss rule requires a [plaintiff] to recover in contract for purely economic loss due to disappointed expectations, unless he can demonstrate harm above and beyond a broken contractual promise." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 988 (2004). Under the economic loss rule, tort claims related to the performance of a contract are viable only where "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." Id. at 989–90 (emphasis added). In general, the law does not make actionable an intentional breach of contract as distinguished from fraudulently inducing a party to enter into a contract. Otherwise, every intentional breach of contract could potentially give rise to a claim in tort, collapsing the distinction between contract and tort law. Further, even where both contract and tort claims are available, "any overlap between damages recoverable in tort and damages recoverable in contract [are] limited by the rule against double recovery." Lazar, 12 Cal. 4th at 649 (1996). Accordingly, many courts have applied the economic loss rule to bar recovery in tort where "the damages [a] plaintiff seek[s] are the same economic losses arising from the alleged breach of contract." Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc., 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009).

Here, plaintiff alleges more than a mere failure to pay in order to support its claim of fraud in the inducement. Europlay alleges that Joensen gave repeated assurances to it that payment would be made as it continued to advance funds to pay for her lawsuit, and that she absconded from this jurisdiction to avoid repayment that she knew would come due in the following months. In light of these allegations, Europlay sufficiently alleges a claim for fraudulent promising at the pleading stage of this case. Therefore, the Court **DENIES** Joensen's motion to dismiss Europlay's claim for intentional misrepresentation.

## V.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** Joensen's motion to dismiss Europlay's claims for breach of oral contract and for intentional misrepresentation.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |